**No. 67287.**—J. E. Bernard & Co., Inc. *v.* United States, protests 59/14524-10671, etc. (Chicago).

Ford, Judge: Certain "handwheels," the subject of the suits listed in schedule "A," hereto attached and made a part hereof, and consolidated for the purpose of trial, were classified by the collector of customs under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and duty assessed thereon at the rate of 12 or 13 per centum ad valorem, depending upon the date of entry. The merchandise was produced by a casting

process and is made of malleable iron. It was specifically made for incorporation into a unit known as an "Ajax Hand Brake."

Plaintiff contends the imported merchandise to be properly dutiable at 10 per centum ad valorem under the provisions of paragraph 327 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. The alternate claim at 5 per centum ad valorem under said paragraph 327, as modified, *supra*, was not pressed.

The pertinent provisions of the involved statutes provide the following:

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Machines, finished or unfinished, not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other * * * _____ 13% ad val.       12% ad val.

Parts, not specially provided for, wholly or in chief value   The rate for the
of metal or porcelain, of any article provided for in any    article of which
item 372 in this Part.                                        they are parts.

Paragraph 327 of the Tariff Act of 1930, as modified by T.D. 51802, *supra:*

Castings of malleable iron not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other _____ 10% ad val.

The record herein consists of the testimony of one witness, called on behalf of plaintiff, and a sample of the type of handwheel involved in this litigation, which was received in evidence as plaintiff's exhibit 1. Mr. Frank E. Bretz, manager of engineering and manufacturing for Ajax Consolidated Co., testified as to the manufacturing process of the imported merchandise. There does not appear to be any question that the handwheels under consideration are produced by a casting process and are malleableized after casting, thereby constituting them castings of malleable iron in a tariff sense, if the items are not otherwise provided for.

In addition to the manufacturing process, Mr. Bretz testified that, after the casting and malleableizing, the handwheels are cleaned by sandblasting or shot-blasting and checked for visual defects; that, after receiving the handwheels in the United States, they are again checked for visible flaws, burrs, sharp edges, or imperfections, which might interfere with a man's operation of the brake; that the sizing of the tapered center hole is checked, and, where it does not fit, it is necessary to file the hole up to gauge size; that where it does not fit, it is generally on the small side, which is deliberately done, since, if it were over-sized, the casting would be scrap; that there is a tolerable variation of one-eighth of an inch in the axial direction between the low and the high limit.

Plaintiff contends that an article such as is involved herein, having been cast, malleableized, and cleaned, but having no independent and additional process subsequent to the casting and annealing processes, remains a "casting of malleable iron nspf," citing *Columbia Malleable Castings Corp.* v. *United States*, 31 CCPA 14, C.A.D. 243; *Green Kay Corporation et al.* v. *United States*, 29 CCPA 216, C.A.D. 193; *Dulien Steel Products, Inc.* v. *United States*, 27 CCPA 285, C.A.D. 102.

The merchandise in the *Dulien Steel Products* case, *supra*, consisted of certain cast malleable iron pipe couplings or fittings which had been chamfered on the ends and threaded. Our appellate court held the merchandise therein to fit within the purview of paragraph 397 of the Tariff Act of 1930, rather than under the provisions of paragraph 327 of said act. Accordingly, this decision, so far as is pertinent herein, held that the chamfering and threading removed the article from the provisions of paragraph 327.

In the *Green Kay* case, *supra*, certain cast-iron pipe fittings, which had been malleableized after casting, then galvanized and threaded in the forms of elbows, tees, and couplings, were held to be properly dutiable under the provisions of paragraph 397 of the Tariff Act of 1930, rather than under the provisions of paragraph 327 of said act. So far as is pertinent herein, the galvanizing and threading removed said merchandise from within the purview of paragraph 327 of said act.

In the *Columbia Malleable Castings* case, *supra*, the merchandise consisted of malleable iron castings, which had been galvanized but not threaded. Our appellate court held the merchandise to be properly dutiable under paragraph 397 of the Tariff Act of 1930, rather than as castings of malleable iron, not specially provided for, under the provisions of paragraph 327 of said act. It was held that the galvanizing so advanced the article that it was no longer within the purview of paragraph 327, *supra*.

From these cases, plaintiff has reasoned that the only basis for removal of such an article from paragraph 327, as modified, *supra*, is if the casting has been subjected to an independent or additional process employed after the casting and annealing processes.

While this may be a test employed in the cases cited, *supra*, there apparently is at least one additional test which may be applicable to other merchandise. It appears from the instant record that the imported merchandise may be used in its condition as imported as part of the Ajax Hand Brake. The witness testified that the sizing of the tapered hole in the center of the wheel is done when the merchandise is received in the United States. He further indicated that the operation of filing the hole to gauge is done when necessary. Based upon the classification herein and the presumption of correctness attaching thereto, it is clear that the involved handwheels are, in fact, parts of a machine, even though no additional or independent process was performed upon the merchandise after casting.

In the *Green Kay* case, *supra*, our appellate court held that, in order for merchandise to fall within the provision for castings of malleable iron, it was necessary that it be nothing more than a casting. The court also indicated that Congress used no language which prescribes the character of advancement of such castings as fall within the provision for castings of malleable iron, although it had done so with regard to ordinary cast-iron castings in the preceding clause, and that if Congress had intended castings of malleable iron, which became finished fittings, to be dutiable under the provision for castings of malleable iron, it would have expressly so stated. The court then held that the term "castings of malleable iron" was never intended to include anything but castings which had not been finished into fittings ready to use.

By the same token, the involved handwheels are in a condition ready for use. It is a basic principle of customs law that where material has been so advanced in manufacture that it has reached the stage in which it is clearly incapable of being made into more than one article, then it shall be deemed, even though unfinished, to have been so dedicated to a single use as to fix its status as part of that article, where it is, in fact, such a part. *United States* v. *Schenkers, Inc.*, 17 CCPA 231, T.D. 43669.

Accordingly, even if the additional work of sizing the tapered hole in the center of the imported handwheels was required after importation, the imported merchandise would be parts in an unfinished condition. While the parts provision of paragraph 372, as modified, *supra*, does not provide for unfinished parts, they have been regarded as parts of machines under the principles enunciated in the *Schenkers* case, *supra*. *Geo. S. Bush Co., Inc.* v. *United States*, 32 Cust. Ct. 316, C.D. 1620. See also *Carr* v. *United States*, 11 ct. Cust. Appls. 1, T.D. 38633.

By virtue of the classification of the involved merchandise under the provisions of paragraph 372 of the Tariff Act of 1930, as modified, *supra*, it is presumed that the involved handwheels are parts of a machine. Plaintiff herein has the twofold burden of establishing the incorrectness of the classification and the correctness of its claim. The record is barren of any evidence which negates the classification of the collector. Assuming, arguendo, that plaintiff has established the involved merchandise to be a casting of malleable iron, we are of the opinion that the provision under which classification was made is more specific than castings of malleable iron, as claimed herein.

Plaintiff herein having failed to overcome the presumption of correctness attaching to the classification of the collector and for the reasons set forth, *supra*, we are of the opinion that the imported merchandise is properly dutiable, as classified. The protest is, accordingly, overruled.

Judgment will be rendered accordingly.